IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

FILED

2007 SEP 10 P 2: 40

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| BERNARD D. MYERS, | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. 1:07cv911 |
| v. | ) |
| | ) WDK-TRJ |
| AIR SERV CORPORATION, | ) |
| JALAL AZIZ, US AIRWAYS, INC. | ) |
| UNITED AIR LINES, INC, and | ) NOTICE OF REMOVAL |
| METROPOLITAN WASHINGTON | ) |
| AIRPORT AUTHORITY, | ) |
| Defendants. | ) |

COMES NOW, Defendant AIR SERV CORPORATION (hereinafter "Air Serv"), by and through undersigned counsel, and pursuant to 28 U.S.C. §1332(a) and 28 U.S.C. §1441, hereby petitions for the removal of the captioned matter from the Circuit Court of Fairfax County, Virginia, to this Honorable Court. In support hereof, Defendant Air Serv states as follows:

1. Plaintiff instituted the captioned matter on or about August 8, 2007 in the Circuit Court of Fairfax County, Virginia, assigned as Case No. CL-2007-9576.

2. Plaintiff avers he is a resident of Charleston, South Carolina. (Complaint, ¶1).

3. Defendant Air Serv is a Georgia corporation authorized to do business in the Commonwealth of Virginia.

4. Defendant Jalal Aziz, upon information and belief, and by Plaintiff's allegation, is a resident of the Commonwealth of Virginia. (Complaint, ¶3).

5. Defendants US Airways and United Air Lines, upon information and belief, and by Plaintiff's allegations, are Delaware corporations authorized to do business in the Commonwealth of Virginia. (Complaint, ¶¶ 4-5).

6. Defendant Metropolitan Washington Airports Authority, upon information and belief, and by Plaintiff's allegation, is a body politic created by the Commonwealth of Virginia and the District of Columbia. (Complaint, ¶6).

7. None of the Defendants are South Carolina corporations or residents.

8. Thus, there is complete diversity of citizenship between the Plaintiff and all Defendants.

9. Plaintiff alleges a personal injury for which he presents an *ad damnum* seeking judgment against the Defendants in the amount of Five Million and No/100's Dollars ($5,000,000.00). Plaintiff has thus presented an amount in controversy in excess of the jurisdictional threshold of $75,000 for federal diversity jurisdiction.

10. Plaintiff's Complaint was served on Defendant Air Serv through its registered agent for service of process on August 21, 2007, and less than thirty (30) days have elapsed between the time of service and the time of this Notice of Removal. As such the Notice and petition presented herein are timely.

11. Consistent with the requirement of 28 U.S.C. §1446(a), served herewith and attached as Exhibit A is a true and correct copy of all process, pleadings, and orders served upon this Defendant.

12. A copy of this Notice of Removal has been simultaneously filed with the Clerk of Court for the Circuit Court of Fairfax County, Virginia. A review of the Court's file on this matter on Friday, September 7, 2007, revealed that no other Defendant other than Air Serv has yet been served with process and no other appearances have been entered.

WHEREFORE, based on the foregoing, Defendant Air Serv respectfully requests this Honorable Court grant the petition asserted in this Notice of Removal, accept original jurisdiction over the captioned matter, and remove the matter from the Circuit Court of Fairfax County, Virginia.

Respectfully submitted,

DOMBROFF GILMORE JACQUES & FRENCH

By: _____
Donald C. Weinberg, Esq. (VSB No. 17378)
1676 International Drive
Penthouse
McLean, Virginia 22102
Telephone (703) 336-8800
Facsimile (703) 336-8750
E-mail: dweinberg@dglitigators.com
COUNSEL FOR DEFENDANT
AIR SERV CORPORATION

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Removal was deposited in the United States Mail, first class postage prepaid, and directed to the following counsel of record, this 10th day of September 2007:

Kevin W. Ryan, Esq.
MICHIE HAMLETT LOWRY
      RASMUSSEN & TWEEL PLLC
500 Court Square, Suite 300
Post Office Box 298
Charlottesville, Virginia  22902

Caroline M.W. West, Esq.
LAW OFFICES OF GEDNEY HOWE, III, P.A.
8 Chalmers Street
Post Office Box 1034
Charleston, South Carolina  29402

    COUNSEL FOR PLAINTIFF

_____
DONALD C. WEINBERG

**Service of Process Transmittal**
08/22/2007
Log Number 512519570

**TO:** Megan Jones, Sr. Corporate Counsel
Air Serv Corporation
3399 Peachtree Road NE, Suite 1800
Atlanta, GA, 30326

**RE:** **Process Served in Virginia**

**FOR:** Air Serv Corporation (Domestic State: GA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Bernard D. Myers, Pltf. vs. Air Serv Corporation, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Interrogatories and Request |
| **COURT/AGENCY:** | Fairfax County Circuit Court, VA<br>Case # CL-2007-0009576 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 11/04/05 - Seeking in excess of $1,000,000.00 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Glen Allen, VA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/21/2007 at 10:05 |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after service - Answer // Within 28 days after service - Interrogatories and Production of documents |
| **ATTORNEY(S) / SENDER(S):** | Kevin W. Ryan<br>Michie Hamlett Lowry Rasmussen & Tweel PLLC<br>500 Court Square, Suite 300<br>Charlottesville, Va, 22902<br>(434) 951-7200 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Standard Overnight, 798246520012<br>Email Notification, Megan Jones mjones@airservcorp.com<br>Email Notification, Matt Patterson mpatterson@airservcorp.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | C T Corporation System<br>Emmett Hickam<br>4701 Cox Road<br>Suite 301<br>Glen Allen, VA, 23060 |
| **TELEPHONE:** | 804-217-7255 |

Page 1 of 1 / TB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.