IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BERNARD D. MYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 1:07CV911 (WDK/TRJ) |
| v. | ) |
| | ) |
| AIR SERV CORPORATION, | ) |
| JALAL AZIZ, US AIRWAYS, INC. | ) |
| UNITED AIR LINES, INC, and | ) |
| METROPOLITAN WASHINGTON | ) |
| AIRPORT AUTHORITY, | ) |
| | ) |
| Defendants. | ) |

## AIRSERV CORPORATION'S OPPOSITION AND REPLY TO PLAINTIFF'S MOTION TO REMAND AND BRIEF IN SUPPORT

COMES NOW the Defendant, AirServ Corporation, by counsel, and in response and opposition to Plaintiff's motion to remand, states as follows:

Plaintiff's motion is essentially predicated on two grounds:

1) Because Defendant Aziz is a citizen of Virginia, removal under 28 U.S.C. §1441(b) is defective since that statute, in pertinent part, indicates that the action is removable "…only if none of the parties in interest properly joined and served as Defendant is a citizen of the State in which such action is brought."

2) Co-defendant Aziz did not join in or consent to the removal as required by 28 U.S.C. §1446(a).

Both assertions are flawed.

-1-

I. <u>Defendant Aziz is a citizen of the country of Iraq.</u>

It is well recognized that "citizenship" and "residence," and therefore "citizen" and "resident," are completely separate and distinguishable and not synonymous.

In <u>Axel Johnson, Inc. v. Carroll Carolina Oil Co.</u>, 145 F.3d 660, 662 (4th Cir., 1998), the court noted:

> As the Supreme Court has consistently held, ... citizenship for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile, <u>see, e.g.</u>, <u>Newman-Green, Inc. v. Alfonzo-Larrain</u>, 490 U.S. 826, 828, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State."), and the existence of such citizenship cannot be inferred from allegations of mere residence, standing alone. <u>See, e.g.</u>, <u>Realty Holding Co. v. Donaldson</u>, 268 U.S. 398, 399, 45 S.Ct. 521, 69 L.Ed. 1014 (1925)
>
> • • •
>
> ...<u>Shaw v. Quincy Mining Co.</u>, 145 U.S. 444, 447, 12 S.Ct. 935, 36 L.Ed. 768 (1892) ("It was held by this court from the beginning that an averment that a party resided within the State or the district in which the suit was brought was not sufficient to support the [diversity] jurisdiction, because in the common use of words a resident might not be a citizen.... [clarification included in quoted text]

Although Plaintiff, throughout his motion and in ¶3, Complaint, refers to Mr. Aziz as a "resident and citizen" of Virginia, he provides virtually no authority in support of that assertion. In fact, Mr. Aziz is, and has been, a citizen of Iraq. <u>See</u> attached Affidavit of Jalal Aziz (Exhibit 1).

Plaintiff's first argument therefore completely fails. It is clear that complete diversity exists and his assertion that under 28 U.S.C. §1441(b),[1] the action is only removable if none of the parties joined and served is a <u>citizen</u> of the state where the action is brought, is without merit.

---

[1] Defendant does not, by its Opposition, concede the application of the prohibition cited by Plaintiff. By its own language, 28 U.S.C. §1441(b) applies to actions predicated on a federal question. This is a diversity removal. However, since Mr. Aziz's citizenship is clearly Iraqi, Defendant does not need to address this potential area.

II. Since Mr. Aziz is a "nominal party," his presence should be disregarded, both in terms of diversity and consent for removal.

Although defense counsel personally inspected the state court's file prior to removal in order to ascertain if any co-defendants had been served and saw nothing to so indicate (see attached Affidavit of undersigned defense counsel (Exhibit 2)), AirServ submits, even assuming *arguendo* that service had occurred, Defendant Aziz's consent for removal was not needed:

A. Mr. Aziz is a nominal party.

28 U.S.C. §1441(b) permits removal of an action to federal court if there is complete diversity of citizenship between the "parties in interest properly joined." "Parties in interest" do not include formal or unnecessary parties, and thus, a plaintiff's joinder of such parties cannot defeat diversity jurisdiction. See Salem Trust Co. v. Manufacturers' Finance Co., 264 U.S. 182 (1924). A recognized exception to the general rule that the presence of a non-diverse defendant destroys federal jurisdiction is the "nominal party" exception, otherwise referred to (see §A (1-2), below) as the "no intention of obtaining a joint judgment" exception. See 17th Street Assocs. v. Markel Int'l Ins. Co., 373 F. Supp.2d 584, 594 (E.D. Va. 2005) (a federal court "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."), quoting Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 460-61 (1980). A "nominal" party is one whose personal interests are not directly and substantially affected by the outcome of a suit. See Birnbaum v. SL&B Optical Ctrs., 905 F. Supp. 267, 271 (D. Md. 1995).

As indicated by the case law, the non-diverse defendant may, indeed, have played a role in the alleged harm to the complaining plaintiff, yet, it is apparent from the current pleadings and allegations that the plaintiff either has no real hope of recovery against the non-diverse defendant or has no real intent to pursue a judgment against that defendant. Indeed, federal courts have

recognized that a plaintiff's joinder of a non-diverse defendant may not suffice to defeat jurisdiction of the federal court under certain circumstances, and have routinely recognized that exceptions exist for parties who are nominal, unserved, or fraudulently joined.[2] Accordingly, there is a long-established rule against "fraudulent joinder" serving as a procedural means to avoid diversity jurisdiction.[3] More recent cases, including decisions from this Honorable Court, have construed the doctrine expansively, reasoning that even though the joinder of a non-diverse party may not be "fraudulent" under technical application of that rule, inclusion of a nominal party may be considered to be improper, to the point where its presence in the case is inconsequential to the determination of the issues. See, e.g., Linnin v. Michielsens, 372 F. Supp. 2d 811, 823 (E.D. Va. 2005). As such, a nominal party's citizenship may be ignored.

As a nominal party, Mr. Aziz's citizenship cannot defeat diversity jurisdiction, and should be disregarded entirely. Indeed, Plaintiff's first argument, that there is no diversity, is moot because Mr. Aziz is an Iraqi citizen, such that even if his citizenship were to be considered, complete diversity exists. Because he is a nominal party, however, his citizenship is of no consequence to the jurisdictional analysis, except insofar as his presence in the case gives rise to a peculiarly federal interest in alienage jurisdiction. See Section III, infra. The authorities below demonstrate that a nominal party's "citizenship" should be ignored both for purposes of establishing diversity and for purposes of the consent requirement for removal.

In a case of "fraudulent joinder," even when one or more of the defendants is a citizen of the same state as a plaintiff in the suit, complete diversity may exist if the non-diverse party was fraudulently joined. See AIDS Counseling & Testing Ctrs. v. Group W. Television, Inc., 903 F.2d

---

[2] See 17th Street, 373 F. Supp.2d at 595; Mayes v. Rapoport, 198 F.3d 457, 464 (4th Cir.1999); Hartley v. CSX Transp., 187 F.3d 422, 424 (4th Cir.1999); Marshall v. Manville Sales Corp., 6 F.3d 229, 232-33 (4th Cir.1993).
[3] AirServ does not, in any way, suggest that Mr. Aziz's inclusion as a party-defendant is "fraudulent" as such.

1000, 1003-04 (4th Cir. 1990). If the court determines that there is no basis upon which to impose liability on the non-diverse defendant under state law applied to the facts alleged, plaintiff's claims against that defendant should be deemed "fraudulent" and the lack of diversity caused by his presence should not prevent the exercise of federal jurisdiction. See Tedder v. F.M.C. Corp., 590 F.2d 115, 117 (5th Cir. 1979). Where the non-diverse defendant has no interest in the controversy between the plaintiff and the other defendants, he is not an indispensable party, and a motion to remand may be rightly denied. Salem Trust Co. v. Manufacturers' Finance Co., supra. See also Wecker v. Nat'l Enameling & Stamping Co., 204 U.S. 176 (1907). When scrutinizing a plea of fraudulent joinder, the court is not bound by the allegations of the pleadings, but may consider the entire record, and determine the basis of joinder "by any means available." AIDS Counseling & Testing Ctrs., 903 F.2d at 1004. Accord, 17th Street, 373 F. Supp.2d at 595.

The fraudulent joinder analysis has been considered by this Honorable Court in the matter of Edmond v. Food Lion, Inc., 895 F. Supp. 103 (E.D. Va. 1994). The following test was employed to evaluate whether a non-diverse defendant had been fraudulently joined to the action for the sole purpose of defeating diversity:

> In order to establish that a nondiverse defendant has been fraudulently joined, the removing party must establish either: (1) that there is no possibility that the plaintiff can establish a cause of action against the nondiverse defendant in state court, or (2) that there has been outright fraud in the plaintiff's pleading of jurisdictional facts. (citation omitted) In order to determine whether a pleading is fraudulent, the Court is not bound by the allegations of the pleadings, but instead it may consider the entire record and may resolve the issue by any means available.

Edmond v. Food Lion, Inc., *supra*, citing AIDS Counseling & Testing Centers, Inc., 903 F.2d at 1004.

As has been recognized by this Court, the Fourth Circuit "has clarified that joinder is

"...fraudulent if there is no real intention to get a joint judgment, and . . . there [is] no colorable ground for so claiming." Carter v. Hitachi Koki U.S.A., Ltd., 445 F. Supp. 2d 597, 600 (E.D. Va. 2006) quoting AIDS Counseling & Testing Centers, 903 F.2d at 1003.

In the case at bar, the underlying facts, the pleaded allegations in Plaintiff's Complaint, and the record at hand reveal that Defendant Aziz is indeed a "nominal" party against whom Plaintiff has no real hope or interest in obtaining an individual judgment, and as such, Defendant Aziz's citizenship and presence should be ignored both for purposes of diversity jurisdiction and consent to removal.

1. Plaintiff has "no possibility" of establishing a cause of action or taking a judgment against Mr. Aziz personally.

It is well established that the "no possibility" standard should not be applied rigidly, since a mechanical application of the standard would undermine the purpose of the fraudulent joinder doctrine. See 17th Street, 373 F. Supp.2d at 595 (there is "inherent tension" between the "no possibility" standard and the fraudulent joinder doctrine), citing Linnin, 372 F. Supp.2d 811, 817-18 (E.D. Va. 2005). (explaining that the 'no possibility' standard cannot possibly be taken literally or applied mechanically). The proper approach, which comports with the purpose of the fraudulent joinder doctrine, as well as the standards governing the federal remand and removal regime,[4] is to determine whether there is a reasonable basis for predicting liability based on the claims alleged.

---

[4] This Court has recognized that, by providing for removal, Congress evidenced its belief that the defendant's right to remove a case that could be heard in federal court is at least as important as the plaintiff's right to the forum of his choice. See 17th Street Assocs. v. Markel Int'l Ins. Co., 373 F. Supp.2d 584 (E.D. Va. 2005); McKinney v. Board of Trs., 955 F.2d 924, 927 (4th Cir.1992); See also Alabama Great S. Ry. Co. v. Thompson, 200 U.S. 206, 218 (1906) ("[T]he Federal courts may and should take such action as will defeat attempts to wrongfully deprive parties entitled to sue in the Federal courts of the protection of their rights in those tribunals.") Careful consideration of a removal petition protects defendants from the incurable deprivation of the federal forum to which they are entitled under law. 17th Street, 373 F. Supp.2d at 593; Linnin v. Michielsens, 372 F.Supp.2d 811, 817 (E.D.Va.2005) (because a defendant's statutory right to a federal forum is important, and remand orders are generally unreviewable, remand should not be applied mechanically). Federal courts may not interpret removal statutes so strictly as to overwhelm the very right that they are intended to confer and the federal interests that they were

17th Street, 373 F. Supp.2d at 595; Linnin, 372 F.Supp.2d at 818-19.

Here, Defendant Aziz was at all times material to the allegations in the Complaint, an employee of Defendant AirServ. At no time in any of the complained-of events is it alleged that Defendant Aziz acted independently of his employer or was engaged on a "lark" or other independent course of action. Plaintiff's allegations of negligence indeed do not even individually identify Defendant Aziz, nor are there is there any separate or specially pleaded counts solely against him. In fact, Plaintiff specifically identifies Defendant Aziz as an "agent and employee" of Defendant AirServ and Metropolitan Washington Airports Authority. See Complaint, ¶9.[5]

In a very similar case naming an employer and employee, this Court held that even when the employee might possibly be found liable for the complained-of events, in actuality, the Plaintiff had no real intent to pursue a judgment against the employee. Linnin v. Michielsens, 372 F. Supp. 2d 811, 823 (E.D. Va. 2005). As Judge Doumar aptly noted in the analysis of plaintiff's flawed remand argument, even were the employee to be found negligent, it would be the "deep-pocket employer who will ultimately be responsible for any damages under the doctrine of respondeat superior." Id. at 823. (citations contained in fn. 4 omitted, but incorporated by reference herein).

The record shows that Defendant Aziz is a gentleman working in a personal service industry, not unlike a skycap, a theater usher, or other similar non-managerial employee, working in a supportive capacity to assist patrons. He is neither a supervisor, foreman, decision maker, or policymaker for AirServ, nor is he alleged to be. In similar instances, this Court has held that "[j]uries are loathe to saddle a lowly employee with a joint and several judgment." Id. at 824. Nothing has changed in that regard since the time of the Linnin decision and today. See Linnin,

---

designed to protect. 17th Street, 373 F. Supp.2d at 593.

[5] It is conceded that Defendant Aziz was not an employee of the Metropolitan Washington Airport Authority in

*supra.* Indeed, the only purpose to be seen by naming and serving Mr. Aziz as a defendant in this case is a tactical one for the purpose of attempting to thwart the defendants' right to invoke diversity jurisdiction. See id. at 824, citing Ayoub v. Baggett, 820 F. Supp. 298, 300 (S.D. Tex. 1993). See also 17th Street Assocs. v. Markel Int'l Ins. Co., 373 F. Supp. 2d 584 (E.D. Va. 2005). Nothing is gained for Plaintiff by naming Defendant Aziz except for a flawed attempt to defeat diversity. See id. citing Ellsworth, LeBlanc & Ellsworth, Inc. v. Strategic Outsourcing, 2003 U.S. Dist. LEXIS 13546 (E.D. La. July 30, 2003).

In sum, Defendant Aziz's presence in this case as a named party is of no consequence to the Plaintiff. He will gain nothing from Mr. Aziz being a named defendant, and moreover, he would lose nothing by not having Mr. Aziz as a named defendant. Despite whatever protestations may be forthcoming, the inescapable conclusion is that Defendant Aziz is truly a "nominal" party, and for that reason alone, on the basis of the controlling law in this district as enunciated in Linnin, supra, 17th Street Associates, supra, and more recently in Carter, supra, Defendant Aziz should not be considered by the Court in determining if there is complete diversity of citizenship among the parties, or with respect to the forum chosen for removal; the Eastern District of Virginia.

    2.    Although not pled as such, even if there were some active wrongdoing on Mr. Aziz's part, AirServ's liability, if any, stems solely from it. AirServ is therefore the real party in interest.

        a)    Defendant Aziz's sole reason for interacting with Plaintiff was the direct result of his service to and duty to his employer, AirServ.

As stated above, this Court has previously recognized that even were a plaintiff able to proceed against an individual employee on an independent theory of negligence for misfeasance committed in the course and scope of employment, the Court is empowered to see through the veil of smoke and make an independent assessment that the plaintiff has "no real intention of get[ting] a

---

connection with the matters complained of by Plaintiff.

joint judgment." Linnin, 372 F. Supp. 2d at 825 (citation omitted). Indeed, this Court has held these precise circumstances are tantamount to "fraudulent joinder," and should be examined in that light. Id. citing Zogbi v. Federated Department Store, 767 F. Supp. 1037, 1041 (C.D. Cal. 1991); Picquet v. Amoco Production Co., 513 F. Supp. 938, 940 (M.D. La. 1981).

In Linnin, this Court specifically recognized that joinder of a non-managerial employee where the sole benefit is to potentially defeat diversity, is improper, and should be disregarded in analyzing the propriety of removal:

> Any experienced trial lawyer such as the plaintiff's attorney who actually desires a judgment against a target defendant would never seek a joint judgment against a target defendant and a lowly employee for fear that the judgment amount would be reduced or negated out of sympathy for the employee. 'Given the relative financial positions of most companies versus their employees, the only time an employee is going to be sued is when it serves a tactical legal purpose, like defeating diversity.' Ayoub v. Baggett, 820 F. Supp. 298, 300 (S.D. Tex. 1993); see also 17th Street, 373 F. Supp. 2d at 602, 2005 U.S. Dist. LEXIS 11334. In this case, Plaintiff has nothing to gain from joining Defendant Michielsens except for defeating diversity. See Ellsworth, LeBlanc & Ellsworth, Inc. v. Strategic Outsourcing, 2003 U.S. Dist. LEXIS 13546, 2003 WL 21783304 *3 (E.D. La. July 30, 2003) (concluding, in a case where plaintiff sought leave to amend, that fraudulent joinder existed because an employee, whose negligence would be imputed to his employer under the doctrine of respondeat superior, was not necessary to the litigation because the plaintiff had nothing to gain by joining him).

Linnin, 372 F. Supp.2d at 823.

In the instant matter, Defendant AirServ's potential liability is derived solely from any potential negligent act or omission of its "blue-collar" employee, Defendant Aziz. In other words, as pled, it is liable only if there is any negligence proved which resulted in the harm alleged by Plaintiff. Were a judgment to be rendered, AirServ would be the party to satisfy it with respect to those actions/inactions. Plaintiff will look to Defendant AirServ to satisfy any such judgment; not to a lower-echelon employee who may work for an hourly wage in a service industry. Plaintiff has nothing to gain by joining Mr. Aziz, other than as a tactic to avoid diversity jurisdiction. It cannot be

legitimately argued, and reasonable minds would not disagree, that Defendant AirServ is the real party in interest as between it and Defendant Aziz. Plaintiff suffers no prejudice from having Defendant Aziz adjudged a nominal party.

>    b)   As pled, the actions of Mr. Aziz are joint with those of all the other co-defendants.

There is no separate count or cause of action alleged against Mr. Aziz personally. The allegations of wrongdoing, e.g.¶¶ 10, 11, 12, 13, 14, 15 and 16 are <u>joint and common</u> to all Defendants. Any acts/omissions on Mr. Aziz's part can only be characterized as nonperformance of duties owed to his employer, AirServ, not the Plaintiff, and there is "therefore no possibility ..." of an action against Mr. Aziz. Under Virginia law, an employee of the owner or operator of the premises in an action based on standard premises liability theories may be held liable only for affirmative acts of negligence, not merely because, in the status of employee of the owner or operator, he or she is guilty of an omission.[2] See <u>Miller v. Quarles</u>, 242 Va. 343, 410 S.E.2d 639, 641 (1991) ("an agent has a tort liability for injuries to a third party resulting from the agent's negligent act while acting within the scope of his employment by the principal"); <u>Turner v. Carneal</u>, 156 Va. 889, 159 S.E. 72, 73 (1931). Accordingly, Mr. Aziz's presence in the case is only as a nominal party.

> B.    Consent of a "nominal party" is not required for removal.

In all cases with multiple defendants, courts generally interpret § 1446 to require that all defendants join in or consent to the removal of a civil case to federal court. <u>Bellone v. Roxbury Homes, Inc.</u>, 748 F. Supp. 434, 436 (W.D. Va. 1990); <u>Seraphin v. Parapella</u>, 489 F. Supp.2d 1354 (S.D. Fla. 2007); <u>Bachman v. Fred Meyer Stores, Inc.</u>, 402 F. Supp.2d 1342, 1344 (D. Utah 2005). The well-settled exception to this rule is that a nominal or improperly joined defendant

need not join in or consent to removal. Seraphin v. Parapella, 489 F. Supp.2d 1354 (S.D. Fla. 2007). Clarke v. Upton, 2007 U.S. Dist. LEXIS 75416, *9 (E.D. Cal. 2007)

Federal courts have routinely recognized that exceptions exist for the non-joinder of nominal, unknown, unserved or fraudulently joined parties. See McShares, Inc. v. Barry, 979 F. Supp. 1338, 1342 (D. Kan. 1997). Accord McManus v. Glassman's Wynnefield, Inc., 710 F. Supp. 1043, 1045, n.5 (E.D. Pa. 1989) (The unanimity rule may be disregarded where: (1) a non-joining defendant is an unknown or nominal party;; or (2) where a defendant has been fraudulently joined), citing Fellhauer v. Geneva, 673 F. Supp. 1445, 1447 n.4 (N.D. Ill. 1987); P.P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co., 395 F.2d 546, 548 (7th Cir. 1968). (consent to removal is not required when the non-joining defendant was not properly served).

The United States District Court for the District of Virginia has expressly recognized that there is an exception to the requirement that all defendants join in or consent to a petition for removal when the non-joining defendant is merely a nominal or formal party. Fenton v. Food Lion, Inc., 2002 U.S. Dist. LEXIS 15879 (W.D. Va. 2002); Bellone v. Roxbury Homes, Inc., 748 F. Supp. 434, 436 (W.D. Va. 1990).

Here, as discussed in Section II *supra*, Mr. Aziz is a nominal party who was named as a defendant for the tactical purpose of attempting to thwart the defendants' right to invoke diversity jurisdiction. Defendant AirServ, Mr. Aziz's employer, is the real party in interest. As a nominal party improperly joined, Mr. Aziz falls squarely within the recognized exceptions to the unanimity requirement, and his consent to removal is unnecessary. Moreover, since defense counsel was unable to discern that Mr. Aziz had been served at the time of removal [See Exhibit 2], there was no apparent basis for requiring his consent. Accordingly, Plaintiff's motion for remand should be denied.

III. Federal jurisdiction is warranted because this case involves peculiarly federal interests

When considering a plea of improper or fraudulent joinder, federal courts should take any necessary steps to safeguard any "peculiarly federal interests" that are involved. AIDS Counseling & Testing Ctrs. v. Group W. Telev., Inc., 903 F.2d 1000, 1004 (4th Cir.1990). Accord, 17th Street, 373 F. Supp.2d at 595. When a peculiarly federal interest, such as alienage, is implicated, the presumption in favor of remand should be set aside. 17th Street, 373 F. Supp.2d at 596.

It is well-settled that the purpose of diversity jurisdiction is to provide non-diverse parties to a lawsuit with access to a forum free from actual and perceived local prejudice. Id. at 604-05. Though they are often coupled together,[6] and are in fact included in the same statutory provision, the rationale underpinning alienage jurisdiction it is distinct from diversity jurisdiction. Its purpose is to protect peculiarly federal interests that federal courts were specifically designed to adjudicate. See 17th Street, 373 F. Supp.2d at 604-05. In 17th Street, a case where one of the party defendants was a citizen of the United Kingdom, the Court found that there were peculiarly federal interests at stake, warranting assertion of federal jurisdiction:

> The power to create federal courts and confer them with alienage jurisdiction is one of the most important tools that the Constitution affords Congress to safeguard the collective interest of the Union. Its importance extends beyond merely protecting foreign investment and international commercial contracts; it encompasses our security and our relationship with foreign nations...... [W]hile diversity jurisdiction guarantees non-diverse litigants a tribunal free from actual and perceived prejudice, alienage jurisdiction additionally protects the Nation's economic and political security and advances international comity and tranquility.

Id.

Improper joinder is of particular concern where, as here, alienage issues are implicated. The 17th Street Court unequivocally held that "[W]hen alien parties are involved, peculiarly federal

---

[6] See Linnin, 372 F. Supp.2d at 816 (noting that, Pursuant to *Section 2, Clause 1 of Article III of the United States Constitution*, the federal courts "are empowered to have jurisdiction over cases involving controversies between

interests are unquestionably implicated. As a consequence, thwarting federal jurisdiction in alienage cases undermines the critically important collective interests safeguarded by the federal jurisdictional scheme — both statutory and constitutional." Id. at 605-06

Here, as an Iraqi citizen, Mr. Aziz's presence in the case, however nominal, unquestionably implicates peculiarly federal interests in alienage jurisdiction. See id. Allowing Plaintiff to thwart federal jurisdiction under these circumstances would undermine federal interests protected by the constitution and federal legislation. Accordingly, there is no presumption in favor of remand, and Plaintiff's motion should otherwise be denied.

AIR SERV CORPORATION<br>
By: Counsel

---

citizens of different states or between a citizen of a state and an alien.").

DOMBROFF GILMORE JAQUES & FRENCH, P.C.

By: /s/_____
    Mark A. Dombroff, Esq.
    Virginia State Bar No. 72406
    Attorney for AirServ Corporation
    Dombroff Gilmore Jaques & French
    1676 International Drive - Penthouse
    McLean, Virginia 22102
    Phone: 703-336-8800
    Fax: 703-336-8750
    mdombroff@dglitigators.com


By: /s/_____
    Donald C. Weinberg, Esq.
    Virginia State Bar No. 17378
    Attorney for AirServ Corporation
    Dombroff Gilmore Jaques & French
    1676 International Drive - Penthouse
    McLean, Virginia 22102
    Phone: 703-336-8800
    Fax: 703-336-8750
    dweinberg@dglitigators.com

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of October, 2007, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Kevin W. Ryan, Esq.
MICHIE HAMLETT LOWRY
      RASMUSSEN & TWEEL PLLC
500 Court Square, Suite 300
Post Office Box 298
Charlottesville, VA 22902

And I hereby certify that I will mail the document by U.S. mail to the following non-filing user:

Caroline M.W. West, Esq.
LAW OFFICES OF GEDNEY HOWE, III, P.A.
8 Chalmers Street
Post Office Box 1034
Charleston, SC 29402

/s/
Mark A. Dombroff, Esq.
Virginia State Bar No. 72406
Attorney for AirServ Corporation
Dombroff Gilmore Jaques & French
1676 International Drive - Penthouse
McLean, Virginia 22102
Phone: 703-336-8800
Fax: 703-336-8750
mdombroff@dglitigators.com

/s/
Donald C. Weinberg, Esq.
Virginia State Bar No. 17378
Attorney for AirServ Corporation
Dombroff Gilmore Jaques & French
1676 International Drive - Penthouse
McLean, Virginia 22102
Phone: 703-336-8800
Fax: 703-336-8750
dweinberg@dglitigators.com