```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                        Alexandria Division

BERNARD D. MYERS,                  :
                                   :
      Plaintiff,                   :
                                   :
v.                                 :    Civil Action No. 1:07cv911
                                   :
AIR SERV CORPORATION, et al.,      :
                                   :
      Defendants.                  :
_____:
```

## OPINION AND ORDER

On November 4, 2005, Plaintiff Bernard Myers ("Plaintiff" or "Myers") was injured while alighting from a shuttle bus at Dulles International Airport.  Myers, who is confined to a wheelchair, fell to the ground when the bus's exit ramp collapsed beneath him.  He thereafter filed suit in the Circuit Court of the County of Fairfax, Virginia, alleging that the accident occurred because Defendant Jalal Aziz ("Aziz") negligently installed the pins that affixed the ramp to the bus.  Initially uncertain of Aziz's employer, Plaintiff also joined Air Serv Corporation ("Air Serv"), Metropolitan Washington Airports Authority, U.S. Airways, Inc., and United Airlines, Inc. as defendants.  Myers later learned that Air Serv employed Aziz.

Defendant Aziz is an Iraqi national who resides in Virginia pursuant to a permanent work visa.  Based on Aziz's nationality, Air Serv removed this action to federal court on grounds of

diversity jurisdiction. Plaintiff subsequently filed a Motion to Remand, which is now before the Court for decision. (Docket No. 3.)

Plaintiff claims that Air Serv breached two statutory requirements for removal. First, Plaintiff contends that 28 U.S.C. § 1441(b) prohibits removal because Aziz is a "citizen" of the Commonwealth of Virginia even though he is an Iraqi national. Second, Plaintiff contends that Aziz did not consent to the removal as required by 28 U.S.C. § 1446(a). For the reasons set forth below, Plaintiff's Motion to Remand is **GRANTED**.

## Analysis

A.  Forum Defendant Rule

Section 1441(b) of Title 28 of the United States Code authorizes removal based on diversity as long as "none of the parties in interest . . . is a citizen of the State in which such action is brought." This requirement is commonly referred to as the "forum defendant" rule. Ada Liss Group v. Sara Lee Branded Apparel, No. 1:06cv610, 2007 WL 634083, at *2 (M.D.N.C. Feb. 26, 2007). For purposes of § 1441(b), "an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled." 28 U.S.C. § 1332(a). A person's domicile is the state where he resides and intends to remain indefinitely. Perry v. Pogemiller, 16 F.3d

138, 140 (7th Cir. 1993). Thus, where a plaintiff files suit in state court against a permanent resident alien domiciled there, the forum defendant rule prevents removal. 28 U.S.C. §§ 1332(a), 1441(b).

Aziz avers that he is a permanent resident alien who lives in Virginia. (Docket No. 5 Ex. 1.) Air Serv does not dispute this averment, nor does it offer any evidence of Aziz's intent to return to his homeland. Section 1441(b) therefore deems Aziz a Virginia domiciliary, and the forum defendant rule bars removal.

B.  Fraudulent Joinder

Air Serv maintains that even if Aziz is a Virginia domiciliary, the forum defendant rule is inapplicable because Aziz's inclusion as a defendant constitutes "fraudulent joinder." See AIDS Counseling and Testing Ctrs. v. Group W Television, Inc., 903 F.2d 1000, 1003 (4th Cir. 1990) (explaining that the phrase "fraudulent joinder" is merely a term of art used to describe a plaintiff's inclusion of a particular defendant to prevent removal). If this Court were to find Aziz's joinder fraudulent, it could dismiss Aziz from the suit and retain jurisdiction. Carter v. Hitachi Koki U.S.A. Ltd., 445 F. Supp. 2d 597, 600 (E.D. Va. 2006).

The United States Court of Appeals for the Fourth Circuit has adopted the standard for fraudulent joinder articulated in

3

Lewis v. Time Inc., 83 F.R.D. 455, 460 (E.D. Cal. 1979). See AIDS Counseling, 903 F.2d at 1003. In Lewis, the United States District Court for the Eastern District of California held that a joinder is fraudulent when

> a court finds either that no cause of action is stated against the nondiverse defendant, or in fact no cause of action exists. In other words, a joinder is fraudulent if "there [is] no real intention to get a joint judgment, and . . . there [is] no colorable ground for so claiming."

Lewis, 83 F.R.D. at 460 (alterations in original) (quoting Parks v. New York Times Co., 308 F.2d 474, 478 (5th Cir. 1962)).

In its brief, Air Serv emphasizes the phrase, "no real intention to get a joint judgment." Based on those words, it claims that Aziz's inclusion is fraudulent, because Aziz is impecunious, and Plaintiff can collect an adverse judgment only from Air Serv. However, Air Serv misinterprets the Lewis standard. A defendant's inability to pay a judgment, without more, does not render his joinder fraudulent. A close examination of the United States Court of Appeals for the Fifth Circuit's decision in Parks v. New York Times Co., 308 F.2d 474 (5th Cir. 1962), from which the courts in Lewis and AIDS Counseling took their fraudulent joinder test, illuminates the true meaning of the phrase in question.

In crafting its rule for fraudulent joinder, the Fifth Circuit incorporated the views expressed in Moore's Commentary on the United States Judicial Code ("Moore's"). See Parks, 308 F.2d

4

at 477-78.  It quoted the following passage from Moore's: "'If the plaintiff has stated a cause of action against the resident defendant, that is normally sufficient to prevent removal.  The motive for joining such a defendant is immaterial, <u>even when the defendant is judgment-proof</u>.'"  Id. at 478 (emphasis added) (quoting Moore's 234-36 (1949)).

Thus, the crucial question pertains to the likelihood of liability, not the likely success of collection efforts.  See Cordill v. Purdue Pharma, L.P., No. 1:02cv121, 2002 WL 31474466, at *2 n.5 (W.D. Va. Nov. 5, 2002) (Jones, J.) (articulating fraudulent joinder standard as "no reasonable basis for predicting liability on the claims alleged" (internal quotation marks omitted)); see also Carter v. Hitachi Koki U.S.A., Ltd., 445 F. Supp. 2d 597, 601-02 (E.D. Va. 2006) (finding joinder fraudulent where nondiverse defendant could not be held liable); Ayoub v. Baggett, 820 F. Supp. 298, 298 (S.D. Tex. 1993) (finding same where statute precluded claim against nondiverse defendant); Zogbi v. Federated Dep't Store, 767 F. Supp. 1037, 1041-42 (C.D. Cal. 1991) (finding same where nondiverse defendants could not be held contractually liable); Picquet v. Amoco Prod. Co., 513 F. Supp. 938, 940 (M.D. La. 1981) (same as Zogbi).  But see Linnin v. Michielsens, 372 F. Supp. 2d 811, 823-24 (E.D. Va. 2005) (inability to pay a judgment is significant).

5

It cannot be said that no reasonable basis exists for holding Aziz liable. Aziz was present when the accident occurred, and Plaintiff claims that he is the sole tortfeasor. Under Virginia law, "[b]oth principal and agent are jointly liable to injured third parties for the agent's negligent performance of his common-law duty of reasonable case under the circumstances." Miller v. Quarles, 410 S.E.2d 639, 641 (Va. 1991). This is not a case like Linnin v. Michielsens, 372 F. Supp. 2d. 811, where the individual defendant was remote in time and place from the accident and his involvement in the chain of events was speculative.

C.  Consent to Removal

Section 1446(a) of Title 28 of the United States Code requires that all defendants join in a notice of removal or, at the very least, consent to the removal. See Guyon v. Basso, 403 F. Supp. 2d 502, 505 (E.D. Va. 2005) (Smith, J.). Plaintiff contends that the removal papers contain no evidence of Aziz's consent. Air Serv responds that Aziz's consent was not required since he was a fraudulently joined "nominal party" and, in any event, counsel had an understanding that the same attorneys would represent both Air Serv and Aziz.

The Court need not decide this issue since the Motion to Remand will be granted on other grounds.

## **Conclusion**

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion to Remand.  (Docket No. 3.)  The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record, as well as to the Clerk of the Circuit Court of the County of Fairfax, Virginia.

**IT IS SO ORDERED.**

/s/<br>
Walter D. Kelley, Jr.<br>
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia  
January 9, 2008